UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No. 3:22-277-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| JOHN ANTHONY JACKSON ) | |
| _____ ) | |

This matter is before the court upon the defendant's motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF 77). The defendant asserts claims of family circumstances that he believes constitute extraordinary and compelling reasons for consideration of compassionate release.

The government has responded in opposition, arguing, among other things, that the defendant has not shown any extraordinary and compelling reasons for a reduction or release.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is denied.

PROCEDURAL HISTORY

*The Criminal Offenses and Sentencing*

The defendant pleaded guilty without a plea agreement to Count 1 of the Indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The defendant had, among other criminal violations, prior felony state convictions for strong armed robbery (2004), armed robbery (2006), and

1

eight counts of kidnapping (2006).

The U.S. Probation Office prepared a Presentence Report (PSR) (ECF 76) noting the defendant's criminal history category was III (due to 6 criminal history points) and his total offense level was 23. His guideline range was 57 to 71 months.

At his original sentencing hearing on July 19, 2023, this court imposed a sentence of 41 months imprisonment after granting a variance after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). In particular, the court considered arguments made in the defendant's variance motion including his relationship with his family, his sick mother whom he cared for, his receipt of a high school diploma, the length of time since prior convictions, and his employment record.

The defendant is presently housed at the Federal Correctional Institution in Atlanta and his anticipated release date is February 17, 2026.

## STANDARD OF REVIEW

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. Under this statute, a district court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act of 2018, courts could only consider compassionate release upon motion of the Bureau of Prisons (BOP). *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Today, however, § 3582(c)(1)(A) allows a defendant to file his own motion for compassionate release directly with the federal court so long as he first fully exhausts all administrative remedies.

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement—United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with several categories of "extraordinary and compelling reasons" to consider. *McCoy*, 981 F.3d at 276.

For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for motions filed directly by defendants, meaning that the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id*. at 281–82, 284. A court, therefore, remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*. at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended U.S.S.G. §1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list

3

falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. First, the court determines whether extraordinary and compelling reasons support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Finally, if the court finds that an extraordinary and compelling reason warrants relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. See *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021).

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

Finally, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

Here, the defendant attests that he submitted his request to the Warden on November 23, 2023 and it was denied. The government does not contest the defendant's exhaustion of his administrative remedies with the BOP. Thus, this court will proceed to review the matters on the merits.

ANALYSIS

I. *Family Circumstances*

In his motion for compassionate release (ECF 77), the defendant attached a copy of his Request to Staff at the BOP wherein he sought an emergency release/furlough as a result of his mother's Stage IV ovarian cancer. The defendant was his mother's only caregiver. In Exhibit 2 to his motion for compassionate release, the defendant indicates that his mother has passed away. He states that he needs to now take care of his mother's affairs and estate and to handle the bill collectors and keep the house from going into foreclosure.

In Guideline § 1B1.13(b)(3) (updated November 1, 2023), the U.S. Sentencing Commission sets out the relevant circumstances that may constitute extraordinary and

compelling reasons regarding family circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition. (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent. (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

The government argues that the defendant has not cited any of the specific elements of § 1B1.13(b) and his motion does not cite any facts that can be reasonably perceived to fall into any of the specific categories outlined therein. The government suggests that the defendant's motion can only be reasonably interpreted to seek compassionate release under §1B1.13(b)(5).[1] However, this court cannot find that the unfortunate death of the defendant's mother and the possibility that his relatives will not be able to adequately take care of her estate to be an extraordinary and compelling reason for a reduction in his sentence.

This court does not find that the defendant has met his burden of showing an extraordinary and compelling reason for consideration of release based on his family

---

[1] (5) Other Reasons. The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)).

circumstances.

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties under the recent changes in sentencing laws and amendments to the Guidelines.

In summary, the court does not find an extraordinary and compelling reason for consideration of compassionate release on defendant's claim relating to his family circumstances.

As the court finds no extraordinary and compelling reason on the defendant's claim, it is not necessary for the court to address the § 3553(a) factors.

For the reasons stated herein, the defendant's motion (ECF 77) is respectfully denied.

IT IS SO ORDERED.

December 17, 2024                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge